**STATE of Minnesota, Appellant,**

v.

**James Thoms WELLMAN, Respondent.**

**No. C7–84–943.**

Court of Appeals of Minnesota.

Oct. 2, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, David L. Harmeyer, Burnsville City Atty., Grannis, Campbell, Farrell & Knutson, P.A., South St. Paul, for appellant.

Michael V. Sovis, Alton, Severson, Sovis, Groves & Chezick, P.A., Apple Valley, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

### OPINION

LANSING, Judge.

This is an appeal by the State of Minnesota pursuant to Minn.R.Crim.P. 28.04 challenging a pretrial order of the Dakota County Court. The order dismissed charges against respondent for driving while under the influence of alcohol in violation of Minn.Stat. § 169.121 (1982) on the ground that the peace officer lacked probable cause to stop respondent's automobile. We remand for further findings.

### FACTS

Burnsville Police Officer Bryant Bonnema was the only witness at the omnibus hearing. He testified that on October 23, 1983, at 3:00 a.m. while traveling south on Kennelly Road approaching Burnsville Parkway, he noticed a car stopped in the traffic lane of the Burnsville Parkway at the intersection with Kennelly Road. There is no stop sign at that intersection.

The car then made a left turn onto Kennelly. As it approached Bonnema's squad car, it pulled over to the right side of the road, stopped, and then proceeded back onto Kennelly after the squad car had passed. Bonnema made a u-turn and followed the car. It slowed considerably as it approached 125th Street and then turned right on 125th Street, where Bonnema stopped it.

After observing the condition of the driver, respondent James Wellman, Officer Bonnema placed him under arrest for driving while under the influence of alcohol. Bonnema read Wellman the implied consent advisory. Wellman elected to take a blood test, which revealed an alcohol concentration of .19.

Following the omnibus hearing the trial court issued its findings of fact and order:

1. That the stop of the Defendant's motor vehicle by Officer Bonnema * * * was not based upon "probable cause" and was "improper" under the circumstances.

2. That because the "stop" of the Defendant's motor vehicle was improper, his arrest for the offense of D.W.I. was invalid.

The trial court then dismissed the charge against Wellman.

### ISSUE

Is "probable cause" required for a valid stop of an automobile?

### ANALYSIS

An automobile stop is valid if the peace officer is able to state a "particularized and objective basis for suspecting the particular [person] stopped of criminal activity." *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981)); *see also State v. Menard*, 341 N.W.2d 888, 891 (Minn.App.1984) (same). The Minnesota Supreme Court has expressed this standard

in *State v. Engholm,* 290 N.W.2d 780 (Minn.1980):

> To lawfully stop a person for questioning * * * a police officer must be able to point to specific and articulable facts which, together with reasonable inferences from those facts, reasonably warrant the invasion of a citizen's personal security. The intrusion cannot be based on an inarticulate hunch, and must be reasonable in light of the particular circumstances.

*Id.* at 783.

■ Instead of the standard for an automobile stop, the trial court applied the higher standard of probable cause. Because the trial court used an improper standard to determine the lawfulness of the stop, we must remand for additional findings under the correct standard. On remand, the trial court should make proper findings of fact. The order contained only conclusions of law.

### DECISION

The case is remanded to the trial court to make findings on whether Officer Bonnema made a valid stop of respondent's automobile.

Remanded.