**STATE of Minnesota, Appellant,**

v.

**Leander Frank LAHR, Respondent.**

**No. C1-84-2025.**

Court of Appeals of Minnesota.

May 21, 1985.

Hubert H. Humphrey, III, Atty. Gen., Justin McBride, Asst. Benton County Atty., Foley, for appellant.

John T. Lund, St. Cloud, for respondent.

Considered and decided by POPOVICH, Chief Judge, WOZNIAK, Judge and FORSBERG, Judge, with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is an appeal by the State of Minnesota, pursuant to Minnesota Rule of Criminal Procedure 28.04, challenging a pretrial order dismissing gross misdemeanor charges against Leander Frank Lahr on the ground that the peace officer lacked probable cause to stop the automobile. We reverse and remand for further findings.

## FACTS

Trooper Marvin Schiffler of the Minnesota Highway Patrol received a radio message around 3:30 p.m. on September 1, 1984 to check out an anonymous report of a blue Buick being driven erratically westbound on Highway 95, possibly by a drunk driver. Schiffler met the vehicle near the intersection of Highway 25 and followed the vehicle. About one-half to one mile down the road, the driver turned the car left into a private driveway to allow the patrolman to pass because he was making the occupants of the car nervous. Schiffler continued on for a quarter of a mile and then stopped. The Buick continued westbound on 95 about a minute later and Schiffler proceeded to follow the car again. Schiffler's testimony that he observed the vehicle touch the center line twice and weave somewhat in its own lane was disputed by the testimony of two passengers in the car. After traveling a total of about six miles behind the vehicle, Schiffler final-

ly stopped the Buick. He was met by Trooper Marvin Felderman who was traveling eastbound looking for the Buick.

Schiffler observed the driver, Lahr, finding his face "somewhat flushed" and his eyes "a bit red." Schiffler requested a preliminary breath test. Lahr failed the test and was arrested for D.W.I.

Lahr was charged with two counts of gross misdemeanor D.W.I., in violation of Minn.Stat. § 169.121, subds. 1(a), 3(a), and subds. 1(d), 3(a) (1984). After the omnibus hearing, the trial court noted that Schiffler did not stop Lahr on the basis of the anonymous tip since he tailed Lahr to investigate further. The trial court noted that Lahr was not stopped after turning off the road, presumably because there was no erratic driving. The trial court indicated that there was no testimony about a change in driving when Lahr resumed driving after he had pulled off the road and that, if there was probable cause to stop him when he pulled off, there was no reason to stop him after Lahr resumed driving. The trial court stated that the two defense witnesses were credible and concluded that "there is a failure by the state to show the kind of probable cause required" and dismissed the charges.

## ISSUE

Is "probable cause" required for a valid automobile stop?

## ANALYSIS

As we said in *State v. Wellman*, 355 N.W.2d 331 (Minn.Ct.App.1984):

> [a]n automobile stop is valid if the peace officer is able to state a "particularized and objective basis for suspecting the particular [person] stopped of criminal activity."

*Id.* at 332 (quoting *State v. Kvam*, 336 N.W.2d 525, 528 (Minn.1983)). In *Wellman*, the trial court also applied the higher standard of probable cause instead of the "reasonable suspicion" standard and we remanded for additional findings under the

correct standard. Similarly, we must remand this case for further findings.

## DECISION

The case is remanded to the trial court for further findings on whether Trooper Schiffler made a valid stop of Lahr's automobile.

Reversed and remanded.