**STATE of Minnesota, Appellant,**

v.

**Jeffery Scott POLLARD, Respondent.**

**No. C2–85–102.**

Court of Appeals of Minnesota.

June 25, 1985.

to the merits of the appeal.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., St. Paul, Justin McBride, Asst. Benton County Atty., Foley, for appellant.

Richard J. Horgan, St. Cloud, for respondent.

Considered and decided by POPOVICH, C.J., NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

About 12:45 a.m. on July 22, 1984, Minnesota State Patrol Officer Jerome Kaproth observed a car traveling eastbound on Highway 23 near the intersection of County Road 45 in Benton County. Kaproth followed the car and observed the vehicle move to the right and slightly cross the "fog line" once or twice. The vehicle then moved slightly to the left and touched or slightly crossed the center line. Kaproth stopped the vehicle, and the driver, Jeffery Pollard, was eventually arrested for D.W.I. Pollard was later charged with gross misdemeanor D.W.I. (he had a prior D.W.I. conviction in 1981).

At the omnibus hearing, the trial court stated "this is a Probable Cause Hearing to determine whether or not the officer had probable cause to stop the defendant's vehicle * * *." The only issue was "whether or not he had probable cause, and an articulable reason to stop the defendant." At the close of the hearing, the trial court stated it found all of the witnesses credible (Kaproth and the two defense witnesses, Pollard and his passenger). The court noted particularly that Kaproth's testimony was not exaggerated since he claimed only slight weaving. The trial court also noted Pollard may have been distracted by Kaproth's high beams and concluded "the Officer did not have probable cause, under all of the circumstances, to stop the vehicle and investigate further." In a written order suppressing the evidence obtained after the stop, the trial court concluded "Officer Kaproth did not have probable cause to make an investigative stop of the defendant's vehicle."

### DECISION

1. We have remanded cases where the trial court applied the higher standard of probable cause instead of "reasonable suspicion" to determine a valid automobile stop. *See State v. Lahr*, 368 N.W.2d 6 (Minn.Ct.App.1985); *State v. Wellman*, 355 N.W.2d 331, 332–33 (Minn.Ct.App.1984).

2. Respondent argues the trial court's omnibus hearing comments make it clear the court applied the proper standard. We do not agree. The record is inconsistent on which test was applied, and we cannot infer the proper standard was used. We must remand this case for further findings on whether Officer Kaproth made a valid stop of Pollard's automobile.

Remanded.